UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CEDRIC L. HARVEY | CIVIL ACTION NO. 13-cv-2970 |
| VERSUS | JUDGE FOOTE |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Cedric Harvey ("Plaintiff"), who is self-represented, alleges in his complaint that he was wrongfully jailed for 11 days after his 25-day sentence for theft of goods expired. The named defendants are City Marshal Charlie Caldwell, Chief of Police Willie Shaw, and the City of Shreveport. Before the court is Plaintiff's Second Motion for Summary Judgment (Doc. 38). For the reasons that follow, it is recommended the motion be denied.

Plaintiff bears the burden of proving his claims at trial. To prevail on a motion for summary judgment, he must establish evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). There is no burden on the non-moving party until after the moving party meets this burden. Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 800 (5th Cir. 1993).

Plaintiff filed an earlier motion for summary judgment, targeted at Marshal Caldwell, in which he recited facts regarding his conviction and sentence and his alleged use of kites, oral complaints, a writ of habeas corpus, and calls from his fiancee to officials in an effort

to obtain his release from jail after his sentence expired. Plaintiff asked for judgment in his favor on the merits of his claim. The undersigned explained in a Report and Recommendation (Doc. 34) that the motion must be denied. Plaintiff had simply set forth in his memorandum a more detailed version of the facts alleged in his complaint. He had not produced any competent summary judgment evidence that would establish those facts. His unsworn memorandum was not acceptable summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991). Plaintiff had not, therefore, satisfied the heavy burden placed on a plaintiff who moves for summary judgment.

Plaintiff filed his second motion for summary judgment, targeted at all defendants, the day after the Report and Recommendation issued. The current motion suffers from the same lack of competent evidence as the first motion, so it should also be denied.

Marshal Caldwell offers an opposing affidavit in which he testifies that he has no control or authority over the Shreveport City Jail, his employees did not arrest Plaintiff, and his office had nothing to do with Plaintiff's jail sentence. Chief Shaw asserts qualified immunity, and the City of Shreveport argues that Plaintiff cannot establish a basis for municipal liability. The only motion before the court is Plaintiff's. It must be denied, without reaching those defenses, because Plaintiff did not meet his initial burden. If defendants wish to pursue defenses before trial, they should file their own motions for summary judgment.

Plaintiff must realize that he will never prevail on his case by simply writing out an unsworn version of the facts that he alleges. He will have to establish those facts with proper

evidence, either in support of a motion or at trial. If done by motion, the material facts will have to be uncontested by the defendants, which is unlikely. That is why it is extraordinarily rare for a plaintiff to obtain summary judgment. Most who obtain relief do so by prevailing at trial.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 38)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of May, 2014.

Mark L. Hornsby
U.S. Magistrate Judge