UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CEDRIC L. HARVEY                              CIVIL ACTION NO. 13-cv-2970

VERSUS                                        JUDGE FOOTE

CITY OF SHREVEPORT, ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Cedric Harvey ("Plaintiff"), who is self-represented, alleges in his complaint that he was wrongfully held in the Shreveport City Jail for 11 days after his 25-day sentence for theft of goods expired.  The defendants are City Marshal Charlie Caldwell, Chief of Police Willie Shaw, and the City of Shreveport.  Plaintiff apparently resolved his dispute with the City and Chief Shaw and stipulated to a dismissal with prejudice of his claims against those two defendants.  Docs. 52 and 55.  Marshal Caldwell has now filed a Motion for Summary Judgment (Doc. 56) that is before the court.  For the reasons that follow, it is recommended the motion be granted.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  A fact is "material" if it might affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for

either party.   Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir.

2000).

     The party seeking summary judgment has the initial responsibility of informing the

court of the basis for its motion, and identifying those parts of the record that it believes

demonstrate the absence of a genuine dispute of material fact.  Celotex Corp. v. Catrett, 106

S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon

the nonmoving party to demonstrate the existence of a genuine dispute of a material fact.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Analysis**

     The Louisiana legislature created the Shreveport City Court and declared that it shall

have "four city judges and a city marshal." La. R.S. 13:1952(21)(a).  The city marshal is not

a department, office, or agency of the city.  Rather, the marshal is an elected official  whose

duties place him within the structure of the city court.  La. Attorney General Opinion No. 11-

0035, 2012 WL 6560489 (2012).

     Plaintiff alleged in his complaint, and testified in his deposition, that he was arrested

by officers of the Shreveport Police Department, not city marshals.  He admitted in his

deposition that neither Marshal Caldwell nor any deputy marshal was in any way involved

in his arrest or booking in the city jail.  Marshal Caldwell's motion incorporates by reference

an affidavit (Doc. 32) that he filed earlier in this case.  He testified  that, as marshal, he "has

no control over the Shreveport city jail or its employees and has never exercised any

supervision over either."  He adds that the marshal has never maintained any jail, and no

employee of the marshal arrested Plaintiff, had any control over him, or was involved in any way in the criminal sentence imposed on Plaintiff.  Marshal Caldwell also testifies that neither he nor any employee of his office was ever contacted by Plaintiff while Plaintiff was in jail.

Plaintiff was deposed and asked about his efforts to alert authorities to the fact that his sentence had been served.  He could not identify any person from the marshal's office with whom he had spoken, and he said he never saw any deputy marshals in the jail other than when they came to help arraign people charged in city court.  Plaintiff testified at his deposition that he believed Marshal Caldwell ran the jail because "that's what I was told" by unnamed "people at the city jail."  He believed this because when he complained to jailers about his extended stay, they purportedly told Plaintiff that he needed to talk to someone at the marshal's office.  Plaintiff testified that it was his "understanding" that "the city marshals are responsible for, you know, the time and your release dates."  When asked why he believed the marshal controlled the jail, Plaintiff said: "I mean, I'm not sure.  It's just a belief that I have, you know, I guess from coming in there and talking with the people, talking with the city marshals and calling them and trying to find out, you know, what's going on."

To state a cause of action under 42 U.S.C. § 1983, Plaintiff must show that a defendant was either personally involved in a constitutional violation or committed acts causally connected to a violation.  Anderson v. Pasadena ISD, 184 F.3d 439, 443 (5th Cir. 1999).  For example, a prisoner who complained about his continued residency in extended lockdown at Angola did not make out a claim against the governor or three officials at the

Department of Corrections who had no personal involvement in the custody decision made at the prison.  Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Marshal Caldwell has carried his summary judgment burden of pointing to evidence in the record that demonstrates he had no involvement in Plaintiff's arrest and had no authority over the city jail. The burden then shifted to Plaintiff to demonstrate a genuine dispute of material fact.  Plaintiff has offered nothing but his unsubstantiated belief that Marshal Caldwell had some authority over the jail or the determination of his release date. The court must draw all reasonable inferences in favor of Plaintiff, but he cannot defeat summary judgment with "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Davis v. Fort Bend County, ___ F.3d ___, 2014 WL 4209371, *2 (5th Cir. 2014).  See also Bridgmon v. Array Systems Corp., 325 F.3d 572, 577 (5th Cir. 2003) (party could not defeat summary judgment with only his "uncorroborated and conclusory testimony").

Marshal Caldwell has affirmatively established that he has no control over the jail, but he has not specifically addressed whether he has any role in communicating to the jail the proper release date for persons sentenced in the Shreveport City Court.  His motion would have been stronger had he specifically spoken to that issue, but the strong implication of his other testimony is that he did not play such a role.  In any event, he has challenged Plaintiff's claim in its entirety, and Plaintiff has responded with nothing more than his unsupported "understanding" that the marshal had such responsibility.  The undersigned finds that the record is adequate to recommend that Marshal Caldwell's motion for summary judgment be

granted despite the absence of affirmative and specific evidence on this issue from either party.   The marshal insists that he had no connection whatsoever with Plaintiff's incarceration, and there is no evidence of record that would allow a reasonable juror to find that he did.

**City Marshal's Office**

Plaintiff's original complaint listed as a party the "City of Shreveport/City Marshal's Office."  The Clerk of Court entered the City Marshal's Office on the docket sheet as a separate defendant.  Plaintiff was later directed to submit summonses for any defendant he wished to serve, but there is no indication he submitted a separate summons for the City Marshal's Office.  The 120-day period allowed by Fed. R. Civ. Pro. 4(m) to make service has now passed.  It appears, therefore, that Plaintiff did not actually intend to pursue a claim against the marshal's "office" in addition to the marshal himself.

More importantly, it is unlikely that the City Marshal's Office is a legal entity capable of being sued.  Analogous cases are the many that have explained that it is the sheriff, not a sheriff's office or sheriff's department, that is the proper legal entity for suit.  Cozzo v. Tangipahoa Parish Council- President Government, 279 F.3d 273, 283 (5th Cir. 2002).  The claims against this final named defendant should also be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Marshal Caldwell's **Motion for Summary Judgment (Doc. 56)** be **granted** and all claims against him be **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that the court, on its own motion, **dismiss all claims** against the City Marshal's Office**.**

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of September, 2014.

Mark L. Hornsby
U.S. Magistrate Judge